LOKEN, Circuit Judge,
concurring,
with whom LIMBAUGH, District Judge, joins.
I agree that appellants Johnny Lee and the Union failed to submit extrinsic evidence demonstrating that ERISA plan documents, including the MOAs, evidenced an intent to permanently vest retiree health benefits at the levels in place when a member of the bargaining unit such as Lee retired. However, in my view, we need not reach this issue. Because ERISA does not mandate vested employee welfare plan benefits, “unless an employer has contractually agreed to provide vested retiree health benefits, it may unilaterally modify or terminate the benefits at any time.” Maytag Corp. v. Int’l Union, UAW, 687 F.3d 1076, 1084 (8th Cir.2012). “[Tjhere must be an affirmative indication of vesting in the plan documents to overcome an unambiguous reservation-of-rights” in the plan; otherwise, that provision “is sufficient without more to defeat a claim that retirement welfare plan benefits are vested.” Stearns v. NCR Corp., 297 F.3d 706, 712 (8th Cir.2002), cert. denied, 537 U.S. 1160, 123 S.Ct. 977, 154 L.Ed.2d 895 (2003). Thus, when ERISA welfare benefits are provided in a collectively bargained plan that is “devoid of vesting language .... extrinsic evidence may not be considered.” Maytag, 687 F.3d at 1086 (emphasis in the original; citation omitted).
Here, the summary plan description stated that the company “reserves the right to terminate, amend, or replace the ... Plan, in whole or in part, at any time for any reason.” Although a conflicting provision in the collective bargaining agreement would control, Paragraph 6 of every MOA in the record on appeal provided:
The level and administration of the Retiree Medical Benefits; amount or cost of premiums; premium pricing mechanisms; the attainment of the Maximum Company Contribution Amount ... [and] all terms and conditions related hereto ... shall rest with the Company....
Together, these provisions resolve the issue. There is no affirmative indication of vesting in any plan document, including the 2005 and 2008 MOAs. Paragraph 8 that was added to the 2008 MOA (quoted at page 5, ante) was similar to provisions in the 1992, 1995, and 1998 MOAs, but with one critical difference. Those earlier provisions excluded from the company’s agreement to notify the Union and discuss the need for unilateral changes, “those sections relating to the level and type of Retiree Medical Benefits.” The changing scope of this provision, when read in conjunction with Paragraph 6, confirms that *806 the company in these “notify-and-confer” provisions was simply agreeing to bargain specific issues of importance to the Union, before exercising its reserved right to make unilateral changes. This is the opposite of an affirmative indication of vesting. In these circumstances, extrinsic evidence may not be considered.
In opposing summary judgment, Lee and the Union presented no affirmative contractual evidence that retiree medical benefits were vested, only evidence that retiree benefits were the subject of periodic collective bargaining. Our prior cases required far more to defeat Windstream’s motion for summary judgment and entry of the declaratory judgment it requested.